**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ABDULLAHI MOHAMUD MOHAMED,
A# 208-269-741,**

    Petitioner,

vs.                                          Case No. 4:16cv452-MW/CAS

**LORETTA LYNCH, et al.,**

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 21, 2016. ECF No. 1. Respondents filed a response in opposition to the petition on October 7, 2016. ECF No. 14. Respondents asserted that Petitioner's removal to Somalia is significantly likely to occur "within the next 35 days." *Id.* at 1-2.

Petitioner filed a reply on October 24, 2016, claiming that "the Somalia Consulate has not issued travel documents and, there is no evidence when, if ever, travel documents will be issued . . . ." ECF No. 16

at 1.  Petitioner argued there was no guarantee that he would be removed in 35 days and sought release.  *Id.* at 1.

While review was pending, Respondents requested, and were given leave, to file a supplemental brief.  ECF Nos. 17-18.  Respondents contend in the supplement that a travel document was issued on September 27, 2016.  ECF No. 17 at 2.  Respondents advise that Petitioner was scheduled to be on a November 13, 2016, flight to Somalia.  *Id.*  However, in late October, ICE "learned that the Embassy of Somalia now requires all potential deportees to sign and fingerprint a letter expressing their desire to be removed."  *Id.*  Respondents assert that Petitioner has "refused to provide his fingerprints."  *Id.*  Accordingly, because Petitioner was alleged to be the "only obstacle to Petitioner's removal," Respondents again request the petition be dismissed.  *Id.* at 2-3.

An Order was entered on November 17, 2016, providing Petitioner with an opportunity to respond to the supplement.  ECF No. 18.  Petitioner was advised that his "reply, to the extent Petitioner may disagree with the asserted facts, must include a declaration sworn under penalty of perjury in which Petitioner presents the relevant facts."  ECF No. 18.  Petitioner was required to "clarify whether or not he has refused to provide his fingerprints

and explain his reasoning." *Id.* Petitioner's deadline was December 15, 2016. *Id.*

Instead of filing a reply, Petitioner file an emergency motion to amend the petition. ECF No. 19. Although the title of the motion suggests Petitioner desires to file an amended petition on behalf of a class of alien detainees, Petitioner provides no facts demonstrating there are other persons detained with him who are from Somalia. There are no facts alleged which demonstrate any other persons are similarly situated with Petitioner, have questions of law or fact in common with Petitioner, and that the "class is so numerous that joinder of all members is impracticable." *See* FED. R. CIV. P. 23(a). There are also no facts demonstrating the "emergency" nature of the request. Thus, the motion, ECF No. 19, should be denied.

**Analysis**

Petitioner stated in the § 2241 petition that he is a native and citizen of Somalia. ECF No. 1 at 2. He was taken into custody by ICE on July 15, 2016, but was not ordered removed until September 30, 2015. *Id.* Because Petitioner waived his right to appeal the removal order, it became final when issued. Petitioner states that he was stopped and detained by border officials when seeking to enter the United States. *Id.* at 3. He

alleged that Somalia was not willing to accept Petitioner back into that country and sought release from detention.  *Id.*

Respondents advise that Petitioner attempted to enter the United States at Brownsville, Texas on July 16, 2015.  ECF No. 14-1 at 2.  Petitioner was charged with removability under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) "as an intending immigrant without any valid entry documents."  *Id.* at 2.  Petitioner was ordered removed to Somalia and reserved his right to "appeal but did not perfect it."  *Id.*

Respondents have provided evidence that a travel document was obtained from the Embassy of Somalia on September 27, 2016, and ICE intended to remove Petitioner "within the next 35 days."  *Id.* at 2-3.  After that affidavit was filed on October 7, 2016, a supplement to the petition was filed providing additional evidence.  ECF No. 17.  Of relevance is a "Temporary Somali Travel Document" showing Petitioner is authorized to travel back to Somalia from September 27, 2016, until March 31, 2017.  ECF No. 17-1.  In early October, ICE scheduled a removal flight to Somalia for November 13, 2016.  ECF No. 17-2 at 1.

On October 20, 2016, ICE was advised that "the Embassy of Somalia [was] requiring all potential deportees to sign and fingerprint a letter

expressing their desire to be removed pursuant to a lawful removal order." Id. "On October 28, 2016, [Petitioner] signed the letter expressing his desire to be deported pursuant to his removal order, but refused to provide fingerprints on the letter." Id. at 2. On three additional occasions (October 31st, November 4th, and November 7th of 2016), Petitioner again refused to provide his fingerprints. Id. Thus, Respondents assert that because Petitioner has continued "to refuse to provide fingerprints," the delay in removal is due to Petitioner's actions. Respondents contend that Petitioner's removal could have been carried out if Petitioner were not preventing his removal from the United States.

Because Petitioner did not challenge the final order of removal in his § 21241 petition but, rather, sought release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), this Court has jurisdiction over this § 2241 habeas petition. In Zadvydas, the United States Supreme Court was asked to decide whether 8 U.S.C. § 1231(a)(6) authorized indefinite detention of a removable alien.[1] The Court held that the continued detention of legal permanent aliens beyond the mandated 90-day removal period was permissible under the

---

[1] Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. 8 U.S.C. § 1231(a)(1)(A).

Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States." *Id.*, at 689, 121 S. Ct. at 2498. The Court interpreted the statute to avoid constitutional threat by concluding that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*, at 699, 121 S.Ct. at 2503. For the sake of uniform administration by the federal courts, the Zadvydas Court held that "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005) (quoting Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505).

In Clark v. Martinez, the Court extended its interpretation of 8 U.S.C. § 1231(a)(6) to inadmissible aliens.[2] The Court concluded that there was no reason why the period of time reasonably necessary to effect removal

---

[2] The relevant statute provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6) (quoted in Benitez v. Wallis, 402 F.3d 1133, 1134 (11th Cir. 2005)).

would be longer for an inadmissible alien than for an admissible alien. Clark, 543 U.S. at 386, 125 S.Ct. at 727. Thus, the Court held that the 6-month presumptive detention period prescribed in Zadvydas should be applicable. *Id.* Accordingly, under Clark and Zadvydas, when an alien shows he has been held more than six months beyond the removal period and his removal is not reasonably foreseeable, a § 2241 petition should be granted. Clark, 543 U.S. at 386-387, 125 S.Ct. at 727; Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005) (relying on Clark to hold that "an inadmissible alien can no longer be detained beyond the statutory 90-day removal period of § 1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future.").[3]

Zadvydas established a burden-shifting analysis for consideration of § 2241 habeas petitions. After the presumptive six month removal period has expired, an alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505. Thereafter, "the Government must respond with evidence sufficient to rebut that showing." *Id.*

---

[3] An alien must be detained during the "removal period." 8 U.S.C. § 1231(a)(2).

Here, Petitioner met his initial burden under Zadvydas based on the factual allegations in the petition. ECF No. 1. The burden then shifted to Respondents to rebut that showing and demonstrate there is a significant likelihood of removal in the reasonably foreseeable future. Respondents have also met their burden. Respondents have provided evidence to show that Petitioner's removal is likely because a travel document has been issued. Petitioner could have been removed already had Petitioner not refused to provide his fingerprints.

In Sango-Dema v. District Director, I.N.S., 122 F.Supp.2d 213 (D. Mass. 2000), a case decided before Zadvydas, the court denied habeas relief where the Petitioner was found to be "the cause for the long delay." The court concluded that "an alien cannot trigger [a constitutional right to be free from indefinite detention by the INS] with his outright refusal to cooperate with INS officials." Sango-Dema, 122 F.Supp.2d at 221; *see also* Akande v. Hassell, No. 4:12-CV-03612-RBP, 2013 WL 5774953, at *7 (N.D. Ala. Aug. 21, 2013), report and recommendation adopted, No. 4:12-CV-03612-RBP, 2013 WL 5779838 (N.D. Ala. Sept. 10, 2013) (concluding the removal period was tolled pursuant to 8 U.S.C. § 1231(a)(1)(C) because of petitioner's conduct in "attempting to thwart his removal" and

holding that respondents were "entitled to continue petitioner's detention pursuant to 8 U.S.C. § 1231(a)(1).").

In Powell v. Ashcroft, 194 F.Supp.2d 209 (E.D.N.Y. 2002), a case decided in the wake of Zadvydas, the court noted that Zadvydas was concerned with the constitutionality of § 1231(a)(6) where aliens were in "'deportation limbo because their countries of origin had refused to allow [them] entrance.'" Powell, 194 F.Supp.2d at 211 (citing Sango-Dema, 122 F.Supp.2d at 221 and explaining Zadvydas). The court held that Zadvydas was inapplicable because it "did not discuss the constitutionality of Section 1231(a)(1)(C) and the tolling of the removal period during the time of an alien's non-cooperation." Powell, 194 F.Supp.2d at 212 (citing Guner v. Reno, 2001 WL 940576 (S.D.N.Y. Aug. 20, 2001)). Thus, where an alien's actions or refusal to act thwarts his removal, and where it is likely that he could be removed if he cooperated, a habeas petition should be denied. Powell, 194 F.Supp.2d at 212; *see also* Archibald v. I.N.S., 2002 WL 1434391, *8 (E.D.Pa. July 1, 2002) (finding the case factually distinguishable from Zadvydas where "Archibald's detention [was] a direct result of his seeking relief from deportation" and holding that because his indefinite detention was a result of his requesting a stay, he could not "be heard to complain[] that the time period during which he has been detained

constitute[d] a denial of due process."); Thevarajah v. McElroy, 2002 WL 923914 (E.D.N.Y. Apr. 30, 2002) (holding that petitioner's nearly five years in INS custody was constitutional under Zadvydas because the continued detention was lengthened largely because of petitioner's own actions); Linares v. Dep't of Homeland Sec., No. 4:13-CV-01501-WMA, 2014 WL 644382, at *5 (N.D. Ala. Feb. 19, 2014) (holding that petitioner's refusal to board flights to Venezuela tolled the removal period and dismissing habeas petition).

    Here, the unrebutted evidence is that Petitioner has not cooperated in removal efforts because he has refused to provide his fingerprints on numerous occasions.  Petitioner cannot complain about the delay in removal, nor can he argue that removal is not significantly likely when Petitioner is the cause for the delay.  The evidence reveals that if Petitioner were cooperating with removal efforts as required, Petitioner could already have been removed from the United States.  Petitioner has not made the required showing that it is not significantly likely that his removal could be carried out in the reasonably foreseeable future.  Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505.  Accordingly, the § 2241 habeas petition should be denied without prejudice.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Petitioner's emergency motion to amend, ECF No. 19, be **DENIED**, and that the petition for writ of habeas corpus, ECF No. 1, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 28, 2016.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**